

## Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

July 8, 2022

Transmontes Sa De Cv
Carretera Monterrey
Nuevo Laredo, KM 371 Cienega De Flores, Nuevo Leon 65500

Re:    GCD No. 47034
        Cause No. 2022CVA000846D4
        Webb County
        Plaintiff: Jesus Serna
        Defendant: Transmontes Sa De Cv

COPY

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition on July 5, 2022.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.


General Counsel Division


Enclosures



cc:    Ernesto Fuentes
       Attorney at Law
       405 S. Monroe, Suite A
       Eagle Pass, TX 78852
       Telephone (830) 752 5646

U.S. Registered Mail No. RR 462 947 890 US
Return Receipt Requested

OUR VALUES: People • Accountability • Trust • Honesty
OUR MISSION: CONNECTING YOU WITH TEXAS

An Equal Opportunity Employer

Filed
6/28/2022 3:14 PM
Esther Degollado
District Clerk
Webb District
Arlene Marie Gonzalez
2022CVA000846D4

CAUSE NO. 2022CVA000846D4 _____

| | | |
|---|---|---|
| JESUS SERNA | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| OMAR REYERO ZAPATA AND | § | |
| TRANSMONTES SA DE CV | § | |
| | § | |
|     Defendants | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JESUS SERNA,** hereinafter referred to as Plaintiffs, complaining of **OMAR REYERO ZAPATA and TRANSMONTES SA DE CV** hereinafter referred to as Defendants, and for their cause of action would respectfully show unto the Court and Jury as follows:

### I. Discovery Control Plan

1.0    Plaintiff, **JESUS SERNA**, hereby intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure. Plaintiffs seek monetary relief in an amount exceeding $1,000,000.00.

### II. Introduction

2.0    Plaintiff is resident of Laredo Webb County, Texas.

2.1    2.1    Defendant **OMAR REYERO ZAPATA,** is a non-resident of the State of Texas and was the driver of the vehicle involved in the collision. Substituted service of process with citation pursuant to ' 17.062(a) of the V.T.C.A., Civil Practice and Remedies Code may be had by serving **Mr. Bruce Bugg Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701-2483**, who will forward a copy of process and Plaintiff's Original Petition to Defendant, **OMAR REYERO ZAPATA,** home  address: **Privada Soledad**

**Seanez, Nuevo Laredo Tamaulipas, Mexico** by U.S. registered mail or certified mail, return receipt requested. Substituted service on the Chairman of the Texas Transportation Commission is proper because this suit grows out of a collision involving Defendant, **OMAR REYERO ZAPATA** who is a non-resident of the State of Texas, while he was operating a motor vehicle in this state as more particularly described below.

2.2　　Defendant **TRANSMONTES SA DE CV** is a Mexican Company, substituted service of process with citation pursuant to ' 17.062(a) of the V.T.C.A., Civil Practice and Remedies Code may be had by serving **Mr. Bruce Bugg Jr, Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701-2483**, who will forward a copy of process and Plaintiff's Original Petition to Defendant, **TRANSMONTES SA DE CV,** place of business at **Carretera Monterrey-Nuevo Laredo KM 37.1, Cienega de Flores, Nuevo Leon 65550** by U.S. registered mail or certified mail, return receipt requested. Substituted service on the Chairman of the Texas Transportation Commission is proper because this suit grows out of a collision involving Defendant, **TRANSMONTES SA DE CV,** who is a non-resident of the State of Texas, while **OMAR REYERO ZAPATA** was operating a motor vehicle in this state as more particularly described below..

### III. Venue Facts

3.0　　Plaintiff is maintaining this cause of action in WEBB County, Texas because the events giving rise to the claim occurred in WEBB County, Texas. Plaintiff is further maintaining this cause of action in WEBB County, Texas pursuant to section 15.002 (a)(1) of the Texas Civil Practice and Remedies Code.

## IV. Classification

4.0     Plaintiff is bringing this cause of action against the named Defendants for personal and bodily injuries caused by an incident which occurred on or about September 30, 2021 in Laredo Webb County, Texas. All conditions precedent have been satisfied.

## V. Background Information

5.0     On or about September 30, 2021, Plaintiff **JESUS SERNA** was operating a 2014 Nissan Versa and driving behind Defendant on Conley Road. Defendant **OMAR REYERO ZAPATA** while in the course and scope of his employment, was driving a 2011 Freightliner Tractor hauling a trailer, owned by **TRANSMONTES SA DE CV LLC.**. Defendant backed without safety and collided with plaintiff's vehicle, causing injuries to **JESUS SERNA**. Defendant, **OMAR REYERO ZAPATA** inattention and unsafe backing caused the collision made basis of this lawsuit.

## VI. Negligent Actions

6.0     On the occasion in question, Defendant, **OMAR REYERO ZAPATA**, operated the 2011 Freightliner tractor, owned by **TRANSMONTES SA DE CV LLC.**, in a negligent manner, in that he violated the duty which he owed Plaintiff, **JESUS SERNA**, to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

- a.  In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

- b.  In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

- c.  In failing to take proper evasive action and avoid the collision in question;

- d.  In failing to control the speed of his vehicle to avoid the collision in question;

  e. In failing to maintain attention while driving as a reasonable prudent person would have done;

  f. In failing to back vehicle only when safe;

  g. In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401of the Texas Transportation Code, which constitutes negligence and negligence per se.

6.1 Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

6.2 Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

## Respondent Superior Theory

6.3 On the occasion in question, Defendant, **OMAR REYERO ZAPATA**, was an agent, employee, and/or representative of Defendant, **TRANSMONTES SA DE CV** acting in the course and scope of their agency and/or employment and thus Defendant, **TRANSMONTES SA DE CV.**, are liable for the tortuous acts and/or omissions of their employee and/or representative, pursuant to the doctrine of Respondent Superior and/or Agency.

## Negligent Entrustment Theory

6.4 Plaintiff further alleges that Defendant, **TRANSMONTES SA DE CV.** Was the owner of the vehicle being driven by Defendant, **OMAR REYERO ZAPATA**, at the time of the incident in question. Defendant, **TRANSMONTES SA DE CV.**, was negligent in entrusting said vehicle to Defendant, **OMAR REYERO ZAPATA**, in that the said **OMAR REYERO ZAPATA** was an unskilled, incompetent and reckless driver, and that the Defendant, **TRANSMONTES SA DE CV**

knew, or through the exercise of ordinary and prudent care, should have known that the said **OMAR REYERO ZAPATA** was an unskilled, incompetent and reckless driver; that the Defendant, **TRANSMONTES SA DE CV** was therefore negligent in entrusting said vehicle to Defendant, **OMAR REYERO ZAPATA**, and such negligent act on the part of the Defendant, **TRANSMONTES SA DE CV** were a direct and proximate cause of the incident in question and the Plaintiff resultant injuries. Therefore, Plaintiff is entitled to and hereby sue Defendant, **TRANSMONTES SA DE CV** pursuant to the negligent entrustment theory.

## VII. Vicarious Liability

7.0     Defendant **OMAR REYERO ZAPATA** while in the course and scope of his employment with **TRANSMONTES SA DE CV ,** and any other known or unknown companies are vicariously liable for the conduct of its agents, representatives, and employees acting in the course and scope of their employment and/or with Defendant's authority and permission. At all times relevant to this lawsuit, the agents, servants, employees, representatives, and vice-principals of the Defendant performed and/or failed to perform the acts and omissions contained in this pleading.

## VIII. Damages of JESUS SERNA

8.0     As a result of the collision made the basis of this action, Plaintiff, **JESUS SERNA** has suffered physical pain and mental anguish. In all reasonable probability, she will continue to suffer such physical pain and mental anguish for a long time into the future, if not for the balance of her natural life.

8.1     As a further result of the Defendant's negligence, Plaintiff, **JESUS SERNA** has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

8.2	Plaintiff, **JESUS SERNA**, would further show that as a result of the injuries she sustained due to the Defendant's negligence, she has suffered physical impairment in the past and in all reasonable probability, she will continue to so suffer physical impairment in the future.

8.3	Plaintiff would further show that she has been unable to perform her regular household chores and/or services due to the Defendant's negligence and thus, Plaintiff hereby sues said Defendant for her loss of household chores and/or services.

8.4	Plaintiff would further show that she has been unable to perform her regular work activities due to the Defendant's negligence and thus, Plaintiff hereby sues said Defendant for her loss of wages and loss of wage earning capacity.

8.5	Plaintiff would further show that due to the accident made the basis of this lawsuit her vehicle was damaged, Plaintiff hereby sues said Defendant for the costs associated with the repair, and loss of use of the vehicle.

## IX. Pre-Judgment and Post-Judgment Interest

9.0	Plaintiffs further allege that they are entitled to recover pre-judgment and post-judgment interest at the legal rate as provided for by the case of <u>Cavnar v. Quality Control Parking, Inc.,</u> 696 S.W.2d 549, (Tex. 1985) and by Section 304 of the Texas Finance Code.

9.1	By reason of all of the above and foregoing elements, Plaintiff, **JESUS SERNA,** has suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this Court and for which they hereby sue said Defendant.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby request that Defendants be cited to appear and answer herein, and that on final trial hereof, Plaintiffs have and recover the following:

1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

2. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute;

3. Costs of suit; and

4. Such other and further relief, both general and special at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

Law Firm of Ernesto Fuentes, P.L.L.C.
405 S. Monroe Suite A
Eagle Pass Texas  78852
Telephone (830) 752- 5646
Facsimile  (830) 282-6918
Ernesto@Efuenteslaw.com

"/s/" **Ernesto Fuentes**

ERNESTO FUENTES
State Bar No. 24085317
ATTORNEY FOR PLAINTIFF

Demand for Jury Trial

Plaintiffs hereby respectfully request a trial by jury.

"/s/" **Ernesto Fuentes**

**COURTESY NOTICE**

**If you or the owner of the vehicle had insurance at the time of the accident, please forward a copy of this petition to the insurance company.**